ANSON v. DWIGHT.

1. **Pleadings:** CONFESSION AND AVOIDANCE. The rule obtains under the Code, as under the common law system of pleading, that an answer, or a count thereof, seeking to avoid the cause of action stated in the petition, by new matter, should confess directly or by implication that but for such new matter the action could be maintained.

2. **Practice:** WITHDRAWING DEMURRER: EFFECT OF OBJECTION. Where the plaintiff filed a demurrer to the defendant's answer, which was sustained, to which ruling the defendant excepted and refused to plead over, after which the plaintiff asked leave to withdraw such demurrer, to which the defendant objected, and the objection was sustained: *Held*, that the defendant's objection operated as a waiver of any error in the ruling of the court upon the demurrer.

3. **Jury:** CHALLENGE. Questions as to the qualifications of jurors are submitted by the statute to the sound discretion of the court trying the cause, and its rulings will be reversed by the Supreme Court only when abuse of such discretion is made manifest.

4. **Evidence:** VALUE. The value of personal property may be established by the opinions of witnesses who first show that they know that value.

5. **Practice:** BILL OF EXCEPTIONS. The court may, on the trial of a cause, refuse to stop the trial to enable a party to prepare a bill of exceptions, if a reasonable time is given for that purpose after the conclusion of the hearing.

6. **Fees:** JURORS. Where a jury was impanneled at noon on Saturday, and adjourned for one hour at 6 o'clock P. M., after which the trial proceeded until 10 o'clock P. M., when it was adjourned until Monday morning, when the jury returned and heard arguments of counsel: *Held*, that they were entitled to but single mileage, and per diem fees for two days.

VOL. XVIII.—31

*Appeal from Marshall District Court.*

WEDNESDAY, APRIL 5.

THIS suit was commenced before a justice of the peace, plaintiff claiming one hundred dollars damages for the wrongful killing, by order of defendant, of plaintiff's "thorough-bred setter dog." There was a jury trial before the justice, which resulted in a verdict and judgment for fifty dollars for plaintiff. The defendant took certain exceptions to the ruling of the justice, and prosecuted his writ of error thereon to the District Court, where the judgment was reversed and cause remanded for a new trial. The plaintiff appeals to this court.

*Henderson & Boardman* for the appellant.

*Brown & Mercer* for the appellee.

COLE, J. — I. The defendant filed his written answer, containing three counts. The second and third counts of the answer set forth, at length, certain facts which would justify the killing of the dog; but the only confession of such killing contained in the counts was, that, before and "at the time said defendant's minor son and servant, as the servant of the defendant, did shoot," &c. The plaintiff demurred to these counts, because they did not confess the trespass, &c. The justice sustained the demurrer, and defendant stood thereon, and prepared and had signed a bill of exceptions showing the same.

*1. PLEADINGS: confession and avoidance.*

It is as true now, as under our former system of pleading, that an answer, or a count thereof, seeking to avoid the cause of action stated in the petition, by new matter, should confess directly or by implication that, but for the new matter of justification or avoidance contained in it, the action could be maintained. *McMurray v. Howard*, 5 How. Pr.,

Anson v. Dwight.

14. But in this case there was a confession by a strong and necessary implication, if not directly. The justice of the peace, therefore, erred in sustaining the demurrer.

The transcript further shows, that after the defendant had filed his bill of exceptions, and "before the commence- ment of the trial," the plaintiff offered and asked leave to withdraw his demurrer, but the defendant objected, and the justice sustained his objection. This was, in effect, a waiver of the exception to the error, and estops the defendant from availing himself of it. But for his objection, the error would have been cured and his pleading permitted to stand. If he was prejudiced, therefore, it was the result of his own act, and he cannot take advantage of it. The plaintiff has the right, expressly, given by statute, to abandon any decision in his favor, unless the other party cannot be placed in the same position he would have been in if such decision had not been made. Revision, § 3056.

*2. PRACTICE: withdrawing demurrer, etc.*

II. One of the persons summoned as a juror, after being sworn to answer questions, stated that he had not formed or expressed an opinion in the case. He was asked if he had any bias or prejudice about the matter of dogs killing sheep, that would prevent him from trying this case impartially. The juror answered, that *he had.* He was then challenged for cause by plaintiff, and excused by the justice, to which defendant excepted. This was a question submitted, by our statute, to the sound discretion of the court, and we see no abuse of it in this case. Revision, § 3039, subdiv. 2; *Davenport Gas Light and Coke Company* v. *City of Davenport,* 13 Iowa, 229.

*3. JURY: challenge.*

III. After the plaintiff had proved that his dog was killed, and that the defendant's son, by his direction, had shot it, the plaintiff was introduced as a witness, and after testifying that he had bred setter dogs, and was acquainted with their value, and with the value

*4. EVIDENCE: value.*

of the dog in controversy, he was asked to state the value of the dog killed. This question was objected to by the defendant, because, 1st, it asked for the opinion of the witness; 2d, dogs are not the subject of market value; and, 3d, a witness can only state the description and qualities, and leave the jury to judge of the value. These objections were overruled, and excepted to, and the witness permitted to answer. Like questions were, under similar objections, put to other witnesses, and their answers showed that one hundred dollars was the value of the dog in controversy.

There was no error in this ruling by the justice. The value of personal property may be established by the opinion of witnesses, who first show that they know that value. Dogs may be personal property and have value, and are, in such case, within the rule. It is more in the nature of a *fact* than of an *opinion*, although it belongs to that class of facts not capable of demonstrable certainty. Sedg. on Meas. Dam., 592; *Brill & Brill* v. *Flagler*, 23 Wend., 354; *Joy* v. *Hopkins*, 5 Denio, 84; *Clark* v. *Baird*, 9 N. Y. (5 Seld.), 183; *Brooks* v. *Hazen*, 3 G. Greene, 553; *Henry* v. *Dubuque and Pacific Railroad Company*, 10 Iowa, 540. But this rule extends only to proof of *value*, and does not authorize a witness to state his opinion as to *damages*. Sedg. on Meas. of Dam., 589; *Dunham* v. *Simmons*, 3 Hill, 609; *Paige* v. *Hazard*, 5 Id., 603; *Norman* v. *Wells*, 17 Wend., 136; *Lincoln* v. *The Saratoga Railroad Company*, 23 Id., 425; *Morehouse* v. *Matthews*, 2 N. Y. (2 Comst.), 514; *Thomas* v. *Isett*, 1 G. Greene, 470; *Whitmore* v. *Bowman*, 4 Id., 148; *Prosser* v. *Wapello County*, *infra;* *The Evansville, &c., Railroad Company* v. *Fitzpatrick*, 10 Ind., 120; *Sinclair* v. *Roush*, 14 Id., 450; *The New Albany, &c., Railroad Company* v. *Huff*, 21 Id., 315. But see *Vandine* v. *Burpee*, 13 Metc., 288.

IV. During the progress of the trial before the justice, the defendant asked the justice to stop the trial for him to prepare one of his bills of exceptions; but the justice ordered the case to proceed, and gave the defendant time to prepare his bill of exceptions. This was proper, and not inconsistent with the Revision, § 3106 *et seq.* There is no good reason for taking the time of a court, and delaying other litigants and witnesses, to prepare a bill of exceptions, which may as well, by leave of court, be prepared during a recess of court, or while the jury is deliberating.

*5. PRAC-TICE: bill of exceptions.*

V. After the jury returned their verdict, the justice proceeded to tax the costs, and in the taxation allowed to each juror, for three days' services, three dollars and double mileage. The defendant moved at once to re-tax the costs, so far as the allowance to the jurors was concerned, which was overruled and excepted to. The bill of exceptions shows that the jury were impanneled at noon on Saturday, June 11th, 1864, and were engaged till 6 o'clock, when they adjourned one hour for supper, and then proceeded until 10 o'clock, and then adjourned till Monday morning, June 13th, at 8 o'clock, when they met and heard the arguments of counsel; considered the cause, returned their verdict, and were discharged at noon of that day.

*6. FEES: jurors.*

The jurors were each entitled to only single mileage, and to pay for two days' service. The justice erred, therefore, in his taxation of costs, and in overruling defendant's motion therefor. But this error does not affect the merits of the case, nor the verdict and judgment on it.

The judgment of the District Court is therefore reversed, and that court will remand the cause to the justice, with directions to re-tax the costs allowed to the jurors, reducing the same to two days and single mileage to each juror, and

to amend his judgment accordingly. The District Court will render judgment against the plaintiff for the costs of that court. The defendant will pay the costs here.

Reversed.