HERZMAN v. OBERFELDER.

1. **Evidence:** SLANDER: STATEMENT OF DEFENDANT... Testimony considered and held incompetent as evidence of slanderous statements made by the defendant concerning the plaintiff.

2. ————: IMPEACHMENT OF WITNESS: REBUTTAL. The fact that a witness is industrious and attentive to business has no tendency to rebut testimony to the effect that his reputation for truth and veracity is bad, and it is inadmissible for that purpose.

*Appeal from Shelby Circuit Court.*

WEDNESDAY, JUNE 16.

ACTION for slander. The alleged defamatory words are as follows: "The old woman (meaning thereby this plaintiff) stole goods out of the stock upon which I had a mortgage, and cheated me out of several hundred dollars. They (meaning plaintiff and her husband) must have taken some goods away. I have positive proofs that the goods were taken away there in the night, and in trunks (meaning thereby that the plaintiff and her husband had taken goods from the mortgaged stock); that unless they (meaning plaintiff and her husband) settle with me, or satisfy me, I will lodge them in the penitentiary, as I have many proofs for so doing. I had a mortgage upon E. Herzman's goods in his store to secure some eleven hundred dollars, and they (meaning E. Herzman and this plaintiff) stole the stock out of the store, and secreted a large quantity of the goods, and thus cheated me out of my security and debt."

The defendant pleaded three defenses: 1. A denial. 2. Justification, and 3. Mitigating circumstances. There was a trial by jury, and a verdict and judgment were rendered for two hundred dollars. The defendant appeals.

*Sapp, Lyman & Ament,* for appellant.

*Clinton, Hart & Brewer,* for appellee.

ADAMS, CH. J.—I. The first question presented is in regard
to the admissibility of the deposition of one Burke, for the
1. EVIDENCE: purpose of proving the speaking of the alleged
slander:
statement of defamatory words.    The defendant objected to the
defendant. deposition, upon the ground that the cross-exam-
ination of the witness shows his testimony to be immaterial
and incompetent, in that he does not testify to the statements
of the defendant, but simply to his own inferences and im-
pressions drawn from conversations had by him with the
defendant.    The objection was overruled, and the deposition
admitted.

The deposition so far as it pertains to the speaking of the
words is as follows: " Mr. Oberfelder told me that he had a
chattel mortgage on the Herzman stock in the years 1877
and 1878; that they were to turn over money as the goods
were sold; that he got a small amount of cash in proportion
to what he expected, and that the goods were not in the store,
had been spirited away or were gone, and that he was swin-
dled in the transaction some hundreds, I don't know how
many.   This is about the substance from what I gathered
from him.   In this matter I think he meant both Mr. and
Mrs. Herzman."   On cross-examination he said: " I do not
pretend to give the exact language of the defendant.   My
testimony is the inference I arrived at, from my conversation
with defendant, expressed in my own language.   My impres-
sion is that he held both Herzman and wife equally guilty."

In giving the substance of what the witness gathered, he
does not say that the defendant said anything about the plain-
tiff, nor anything from which it could reasonably be inferred
that the defendant said anything about the plaintiff.

When the witness says: " I think he meant both Mr. and
Mrs. Herzman," it is plain to be seen that that was merely
the witness' inference, and upon his cross-examination, he
expressly says so.   We cannot go beyond the words as con-
stituting the substance of what the witness gathered.   If in
those words there does not appear to have been any reference

to the plaintiff, it is immaterial what the witness' inference or impression was.

The appellee insists, however, that if there was any error it was without prejudice, because the defendant pleaded justification, and because the speaking of the words was proved by undisputed evidence.

The admission in the plea of justification cannot avail the plaintiff, upon the trial of the issue raised by the general denial. *Barr v. Hack,* 46 Iowa, 308.

Nor do we think that the speaking of the words was proved by undisputed evidence. The deposition of one Beokoff was introduced to prove the speaking. But it was of the same character as that of Burke, which we hold should have been excluded. In addition thereto we find upon this point only the testimony of one Mossler, but his testimony is substantially denied by the defendant.

II. The plaintiff testified in her own behalf. The defendant introduced as a witness one Drake, whose testimony tended to impeach the character of plaintiff for truth and veracity. Upon cross-examination, the plaintiff's counsel asked the witness if the plaintiff had not been a very hard working industrious woman, devoted to her business and the rearing of her large family. The defendant objected to the question as not being in cross-examination and immaterial, but the objection was overruled. It apppears to us that the objection was well taken. A character for industry and devotion to business would not be inconsistent with a want of character for truth and veracity. Indeed a want of such character sometimes arises from a devotion to business, and there is some evidence tending to show that it was so in the plaintiff's case.

III. The plaintiff called the defendant as a witness, and asked him how much he was worth. This question was objected to as immaterial: The objection was overruled.

Whatever doubt we might have in regard to the propriety of admitting such evidence if the question were a new one, the

admission of the evidence is not so clearly objectionable as to justify us in disturbing what may be considered the established rule in this State. *Karney v. Paisley*, 13 Iowa, 92.

For the errors above pointed out, the case must be

REVERSED.