DAY v. THE MILL-OWNERS' MUTUAL FIRE INSURANCE
COMPANY.

1. **Corporations:** AMENDMENTS TO ARTICLES: ACKNOWLEDGMENT AND
RECORDING. The articles of incorporation of a company organized
for pecuniary profit can be amended only by an instrument signed
and acknowledged by a person or persons duly authorized so to do,
and recorded, in the same manner as is required for original arti-
cles by section 1060 of the Code.

2. **Pleading:** CONFESSION AND AVOIDANCE : CONFESSION BY IMPLICA-
TION. A plea in avoidance must, for the purposes of the plea, confess
the matter which it seeks to avoid ; but such confession need not be in
terms, but may be by implication ; and such implication will arise
by operation of law where the plea in avoidance does not deny any
of the matter sought to be avoided.

3. **Pleading:** REPLY : CONFESSION AND AVOIDANCE : EFFECT OF IMPLIED
CONFESSION ON IMPLIED DENIAL. Since the averments of an answer
in which no counter-claim is pleaded are deemed to be denied by
operation of law, and since a denial implied by law is governed by
the same rules as one formally pleaded, and since inconsistent
defenses may be stated in the same reply, it follows that the denial
which is implied by law is not waived by pleading a defense in the
reply which is inconsistent therewith. And in this case, where
defendant pleaded a certain fact in defense, and plaintiff, in his
reply, pleaded matter in avoidance, without fully admitting such
defense, *held* that, while he must be regarded as admitting it for
the purposes of his plea in avoidance, yet it is not to be regarded as
admitted as against the denial which arose by operation of law, so
as to relieve the defendant from the burden of proving it. (See
opinion for cases cited ).

4. **Fire Insurance:** MUTUAL COMPANY: ESTOPPEL OF MEMBERS TO
DENY ARTICLES OF INCORPORATION. A member of a mutual insur-
ance company, in an action to recover upon a policy therein, where
the defense is made that he has failed to comply with an amend-
ment to the articles of incorporation, is not estopped from pleading
that such amendment was never legally adopted and was not a part
of the contract, unless it is shown that he knew of such amend-
ment and contracted with reference thereto.

*Appeal from Tama District Court.*—Hon. L. G.
KINNE, Judge.

FILED, MAY 11, 1888.

Day v. The Mill-Owners' Mut. Fire Ins. Co.

THIS is an action on a policy of insurance issued by defendant. There was a trial by jury, and verdict and judgment for plaintiff. The defendant appeals.

*S. D. Nichols*, for appellant.

*Charles A. Clark*, for appellee.

ROBINSON, J.—The petition alleges that defendant is a corporation for pecuniary profit, duly organized under the laws of the state of Iowa ; that on the fifteenth day of December, 1884, it issued the policy in suit, and thereby insured Crenshaw & Day against loss or damage by fire or lightning, to the amount of three thousand dollars, on their grist-mill, including building and machinery, said policy to be in force so long as the assured should remain members of the defendant corporation. The loss of the property by fire while the policy was in force, the refusal of defendant to pay the amount of the loss, and the assignment of the claimt herefor to plaintiff, are also alleged. The answer of defendant admits the allegations of the petition, but denies liability for the loss in question. As a defense it alleges that it is a mutual insurance company, and that all of its policy-holders are members of it, mutually bound by its articles of incorporation and by-laws ; that said Crenshaw & Day became members of defendant when said policy of insurance was issued, and became bound to comply with all the requirements of the articles of incorporation of defendant, the fifteenth article of which is in words as follows : " Should any mill insured in the company be shut down, or remain idle, from any cause whatever, more than twenty days continuously, it shall be the duty of the insured to notify the secretary of the company of such fact, and of the length of time such stoppage will probably continue, giving the cause thereof, and, if he fails so to do, his policy shall be considered suspended from the expiration of such time until the mill shall resume work, or it is reinstated by the secretary." The answer further alleges that when the mill in controversy was

destroyed, to-wit, March 5, 1885, it was, and had been for more than twenty days, shut down and idle; that notwithstanding that fact the assured had failed to give any notice of said stoppage, and defendant was ignorant of it until after the fire; that in consequence of said stoppage, and failure to give notice, the policy was suspended at the time of the fire, and defendant is not for that reason liable for the loss. Plaintiff filed a reply, which contains four divisions. A demurrer was sustained as to the second division, and overruled as to the others.

I. In order to maintain its defense, it was necessary for defendant to show that the alleged article 15 set out in its answer had been legally adopted, and was in force when the policy in suit was issued, and when the loss occurred. A writing purporting to contain the articles of incorporation of defendant, including the one in question, was offered in evidence. The plaintiff objected to its introduction, on the ground that it was immaterial and incompetent, and because the original articles and amendments offered show that they were not adopted in the manner and form required by law. This objection was sustained. Defendant then offered the minutes of the annual meeting of its members to show the adoption of the amendments. An objection on the grounds just named was sustained to these minutes. The writing offered to prove the amendments, including article 15, was not acknowledged, nor was it shown to have been approved by the attorney general and auditor of state. It is contended by appellant that it was organized under the provisions of section 1160 of the Code, and that its articles of incorporation were not required to be acknowledged by the incorporators, nor approved by the officers named. It claims that the original articles were adopted in 1875, and that the article in question was adopted in January, 1884. Appellee insists that defendant was incorporated under the provisions of chapter 1 of title 9 of the Code, as modified by other provisions of the same title, and that

1. CORPORATIONS: amendments to articles: acknowledgment and recording.

the associations and companies organized under section 1160 are not corporate bodies. It is admitted by the pleadings that defendant is a corporation for pecuniary profit. Section 1060 of the Code requires such corporations to adopt articles of incorporation, which must be signed and acknowledged by the incorporators and be recorded. This provision was in force when article 15 is said to have been adopted. It is claimed by appellant that, while the law required original articles of incorporation adopted in 1884 to be acknowledged, there was no such requirement as to new articles; hence that the adoption of article 15 could be proven by the signatures of the officers of defendant thereto attached, and by the books of the company showing the action of its members. We do not think this claim can be sustained. It is the purpose of the statute to give to all persons means of ascertaining the general nature of the business to be transacted by such corporations, and the powers they may use in prosecuting it. But the business and powers of a corporation might be greatly modified, or even changed altogether, by means of amendments to its articles of incorporation. The reasons which make it desirable for the original articles to be acknowledged and recorded apply with equal force to amendments. This is shown by the facts of this case. The instrument offered to show the adoption of the amendments to the original articles includes, not only the article in controversy and other amendments, but also what purports to be all the articles of incorporation and by-laws of the company. It appears that, if this instrument is what it is claimed to be, nearly all the articles were amended, and a new one included. It is in the nature of a revision of the articles and an adoption of all as revised, but is not acknowledged. It does not show who is responsible for it, nor is it signed by any one. The only thing in the nature of an authentication attached to it is a certificate in the following language: "This certifies that at the annual meeting of the Mill-Owners' Mutual Fire Insurance Company of Iowa, held in the city of Des Moines

January 16, 1884, the articles of incorporation and by-laws of the company were amended as above described. S. D. Nichols, president. J. G. Sharp, secretary." This does not purport to be, and is not, any part of the articles. The amendments are not in any manner pointed out. We conclude that the articles of incorporation of a company organized for pecuniary profit can be amended only by an instrument signed and acknowledged by a person or persons duly authorized so to do, and recorded.

II. The first division of the reply alleges in substance that defendant, pursuant to its articles of incorporation, adjusted the loss in controversy, and made an assessment on its members to pay the same, and that said assessment was collected. The division concludes with the following paragraph: "And plaintiff submits that, by reason of the premises hereinbefore set forth, the defendant can neither plead nor maintain any defense under the alleged article fifteen of its articles of incorporation." The third division alleges in substance that the failure to operate the mill during the time it is alleged to have been idle was due to the freezing of the head-race to such a depth that it did not furnish water sufficient to operate the mill, and that it was impossible for plaintiff "to comply with said alleged article fifteen, and notify defendant's secretary of the length of time such stoppage would probably continue," because of the uncertainty of the weather. The fourth division of the reply alleges in substance that the policy in suit was in force at the time of the loss, for the reason that it was not suspended in accordance with the provisions of the defendant's alleged articles of incorporation. We are not required to determine the sufficiency of the defenses pleaded in the reply, excepting in so far as it was raised by the demurrer, which is in the following words: "Now comes defendant and demurs to plaintiff's reply to defendant's answer, and to each and every count thereof, for the following reasons, to-wit: (1) Plaintiff pleads matter in each and every count or division of his said reply which he claims avoids the defenses to plaintiff's claim

2. PLEADING: confession and avoidance: confession by implication.

set up in defendant's answer, and yet fails to admit or confess the matter of defendant's answer which he seeks to avoid. (2) Plaintiff in his said reply fails to admit any part of defendant's claim as made in the answer to plaintiff's petition, but seeks to avoid the same by pleading new matter in avoidance, without confessing or admitting the facts which he seeks to avoid." It is contended by appellant that the court erred in overruling this demurrer, or that each of the divisions in question contains such a confession of the adoption of article 15 in controversy as rendered proof thereof unnecessary. We are of the opinion that the defense set up in each of said divisions is in the nature of a plea in avoidance, and we are therefore required to determine the nature and effect of the confession which must of necessity be included therein if the ruling on the demurrer was correct. Under our system of pleading, all material allegations of the answer which are not admitted in the pleadings are deemed to be denied by operation of law, excepting "where a counter-claim is alleged, or where some matter is alleged in the answer to which the plaintiff claims to have a defense by reason of some fact which avoids the matter alleged in the answer." Code, sec. 2665. When a reply to an answer which does not contain a counter-claim must be filed, it shall consist of "any new matter, not inconsistent with the petition, constituting a defense to the matter alleged in the answer, or the matter in the answer may be confessed, and any new matter alleged not inconsistent with the petition which avoids the same." Code, sec. 2666. It is further provided that "each affirmative matter of defense in the reply shall be sufficient in itself, and must intelligibly refer to the part of the answer to which it is intended to apply." Code, sec. 2667. In this case no counter-claim is pleaded by defendant, and but one defense. Each division of the reply in question must be construed to refer to the entire answer, and to be governed by the last provision of that part of section 2666 which we have quoted. Our Code does not change the requirements of the common law as to a plea in avoidance.

*Anson v. Dwight*, 18 Iowa, 241. It must in effect, and for the purposes of the plea, confess that, but for the matter pleaded in avoidance, the cause of action or defense to which it applies would entitle the party pleading the same to succeed thereon. But this confession need not be in terms, but may be by implication. *Anson v. Dwight, supra; Morgan v. Hawkeye Ins. Co.*, 37 Iowa, 359. It is sufficient if it "give color" to the alleged right of the adverse party, and no more than this was required at common law. Steph. Pl. 202 ; 1 Chit. Pl. 525. "Every pleading is taken to confess such traversable matters alleged on the other side as it does not traverse." Steph. Pl. 217. No denial of the allegations of the answer was contained in any of the divisions of the reply under consideration. We therefore conclude that they were admitted, and that the demurrer was properly overruled.

III. Did the divisions of the reply we have just considered so far admit that article 15 was in force and applied to the loss in question as to make other proof of the fact unnecessary ? It must be remembered in this connection that a general denial in a reply, where no counter-claim is pleaded, is not admissible under our practice. The averments of the answer in such case are deemed to be denied by operation of law. It must also be remembered that " inconsistent defenses may be stated in the same answer or reply." Code, sec. 2710. There is no legal objection to the stating of a defense in a reply which is inconsistent with the general denial implied by law, nor is such denial waived by the pleading of a defense inconsistent therewith. A denial implied by law is governed by the same rules as one formally pleaded. The right to plead inconsistent defenses is as broad in the case of a reply as in that of an answer. When such defenses are in issue, the confessions made in the pleading of one, where a right is not thereby fully admitted, cannot be treated as evidence to disprove another. We have so held as to answers. *Barr v. Hack*, 46 Iowa, 310 ; *Herzman v. Oberfelder,*

3. PLEADING : reply : confession and avoidance : effect of implied confession on implied denial.

54 Iowa, 85; *Heinrichs v. Terrell*, 65 Iowa, 28. The same rule governs replies. Some of the language used in *Meadows v. Hawkeye Ins. Co.*, 62 Iowa, 387, may seem to be in conflict with the views we now express. But the reply in that case contained an explicit confession of a fact which, in the absence of proof of matters in avoidance, established the defense set out in the answer. It confessed an actual right by positive averment, not a colorable right by implication. In this case there is no admission that article 15 ever became a part of the contract in suit. The admissions are by implication only, and cannot be given greater weight than is due to the language used to express them, excepting that effect which the law gives to them for the purposes of the divisions of the reply in which they are found. To speak of something which another claims to be true as "an alleged fact" is not to admit that it is a fact. While the reply does not deny the legality of article 15, it makes no stronger admission than to speak of it as an " alleged article." This was not evidence to sustain the claim of defendant. *Platner v. Platner*, 66 Iowa, 382. To hold otherwise would be in effect to deny in many cases the right to plead inconsistent defenses. This would be contrary to the policy of the law. It often happens that the facts involved in a matter set out by way of defense in an answer are peculiarly within the knowledge of the party pleading it. The adverse party may have a good defense to such matter on the merits, but from lack of knowledge of the facts may not be able to determine before the trial which of two or more defenses can be maintained. In such case he should not be compelled to elect to stand on one defense, at the risk of abandoning, without fault on his part, the only one which could be maintained. We conclude that there was nothing in the reply which relieved defendant of the burden of proving that article 15 was a part of the contract in suit. It offered no competent evidence tending to support that issue ; hence the district court was justified in directing the jury to return a verdict for the plaintiff.

IV. It is urged that defendant was a mutual insurance company, and that, by virtue of the policy in suit, Crenshaw & Day became members of defendant, and as such were estopped from denying that its articles of incorporation were legally adopted and in force as a part of the contract in suit. We do not think that question is presented by the record. It is not claimed that Crenshaw & Day knew of article 15, and contracted with reference to it. This being the case, the plaintiff, as assignee, had a right to insist, as his assignor might have done, that article 15 was not a part of the contract, and to require proof of the fact. The views we have expressed dispose of all the questions involved in the record. We discover no error of which complaint is made, and the case is therefore

**4. FIRE insurance: mutual company: estoppel of members to deny articles of incorporation.**

AFFIRMED.