T. W. HARRISON, Appellant, v. W. W. BURNES, Appellee.

**Infancy**: CONTRACTS: RESCISSION: PRACTICE. In an action to recover upon a lease of lands made to a minor, the plaintiff in his reply admitted the rescission of the contract because of the minority of the defendant, as set up in the answer, but pleaded other facts in avoidance of the rescission. No proof of such facts, however, being offered, *held*, that the court properly directed the jury at the close of the plaintiff's evidence to return a verdict for the defendant.

*Appeal from Palo Alto District Court.*—HON. LOT THOMAS, Judge.

SATURDAY, JANUARY 30, 1892.

THE plaintiff leased to the defendant, by contract in writing, a farm in Palo Alto county, for three years, commencing March 1, 1889, at an agreed price of three hundred dollars per annum, payable semi-annually. By the terms of the lease the defendant was to protect the farm from damage by fire, the growth of noxious weeds, etc., and to haul and spread the manure accumulated thereon. The petition represents that the defendant, in breach of the contract, neglected to take possession of the farm, cultivate and care for the same for the year 1889, and asks for damage, including rent, in the sum of five hundred fifty dollars. The answer admits the execution of the lease October 12, 1888; avers the minority of the defendant at the time of making it, and that he attained his majority February 4, 1889; that the defendant, by his guardian, January 4, 1889, notified the plaintiff in writing of the rescission of the contract on the ground of minority; and that the defendant, after attaining his majority, February 11, 1889, again notified the plaintiff of the rescission. The answer further alleges that after the rescission the plaintiff procured another person to cultivate the land, and took possession of the same and

cultivated it for the year 1889, and denies that the plaintiff sustained damage. A reply, without words of admission or denial, states facts that avoid the plea of minority, as that the defendant represented himself to be of age, etc., and had engaged in business as an adult. The reply further states that in the spring of 1889, in order to have the "premises worked and cropped, the plaintiff procured another tenant to crop the same to the best advantage that could be done," and that he realized therefrom, by taking one third of the crop, the sum of seventy-three dollars and forty-five cents, which was all that could be realized after it was known that the defendant would not occupy the premises. Under the issues thus formed the plaintiff introduced his evidence, at the close of which the court, on motion of the defendant, directed a verdict for the defendant, and gave judgment for costs. The plaintiff appeals. *Affirmed.*

*T. W. Harrison*, for appellant.

*Soper, Allen & Morling*, for appellee.

GRANGER, J.—The ground of the motion on which the court directed the verdict for the defendant is: "The evidence shows without contradiction that the plaintiff entered into possession of the premises, and maintained possession during the period for which it is sought in this action to recover rent, and to recover damages for breach of the agreement or lease." To properly determine the effect of the evidence, it is important to have in mind the facts of the case upon the state of the pleadings. Under the petition and answer, the contract was admitted but the breach thereof denied. The answer contained an affirmative defense of minority, and a rescission of the contract because of it. The reply makes no denial of the fact of minority or the rescission. It, however, states facts in avoidance thereof. Under this state of the pleadings

the matter in the answer sought to be avoided will be taken as admitted. *Day v. Mill-Owners' Mutual Fire Ins. Co.*, 75 Iowa, 694. The facts pleaded in avoidance thereof are denied by operation of law. For the plaintiff to recover, he must establish a breach of the contract, which was done, to the extent of proving that the defendant neglected to take possession of and cultivate the farm under the lease. He must then overcome the admitted fact of minority and rescissions by proof of the facts pleaded in avoidance, and this there is an entire failure to do.

The facts, after the plaintiff's evidence was offered, were as follows: A failure of the defendant to work the farm under the lease. The defendant, when he made the contract, was a minor; and, before and after attaining his majority, he gave notice of a rescission. Thereafter the plaintiff took possession of the farm to the extent of leasing it to another, and received the avails thereof. No other facts bear on the validity of the court's action in directing a verdict. The uncontradicted evidence shows that, after rescission of the contract, the plaintiff took possession of the place, and without a further showing to avoid the defense of minority the plaintiff could not recover; and the court properly directed a verdict for the defendant. AFFIRMED.