JOHN E. VENETT et al., Appellants, v. J. G. JORDAN, Clerk.

**Attendance of Jurors:** CONTROL OF COURT OVER. Code 1873, section 233, providing that if, in the judgment of the court; the business does not require the attendance of all or a portion of the trial jurors, such portion as the court deems proper may be discharged, does not prevent the court from merely excusing the jury from attendance for a stated period when their services are not needed.

COMPENSATION. Under Code 1873, section 3811, providing that jurors shall receive for each day's service or attendance in courts of

record two dollars, members of the regular panel of petit jurors cannot recover compensation for a definite period during which they are excused by the court from attendance.

*Appeal from Polk District Court.*—HON. T. F. STEVENSON, Judge.

WEDNESDAY, MAY 16, 1900.

PLAINTIFFS were members of the regular panel of petit jurors duly summoned to appear at the April term, 1895, of the district court of Polk county. They appeared and served, and during the term were excused by the court for a period of fifteen days. On their final discharge the clerk refused to give them a certificate of service during the fifteen days, and this action is for a writ of mandamus to compel him so to do. The issue was raised by a demurrer to the petition, which was sustained, and from that ruling this appeal is taken.—*Affirmed.*

*James Nugent* for appellants.

No appearance for appellee.

WATERMAN, J.—We have to determine whether these jurors were entitled to compensation for the fifteen days during which they were excused from attendance upon the court. Section 3811, Code 1873, is the only provision relating to the compensation of jurors, and it is as follows: "Jurors shall receive the following fees: For each days' service or attendance in courts of record, two dollars. * * *" They are to be paid when in actual service, or, if not called in a case, for the time they are in attendance awaiting call. When they are excused, as here, for a definite time, they cannot be said during such period to be in attendance on the court. Their time is their own, and they are not then subject to the orders of the court.

But something is claimed for section 233, the terms of which are: "If, in the judgment of the court, the business of the term does not require the attendance of all or a por-

tion of the trial jurors, they or such portion as the court deems proper may be discharged. Should it afterwards appear that a jury is required, the court may direct them to be resummoned, or .impanel a jury from the bystanders." We do not regard this section as exclusive, so as to forbid the court excusing the jury for a time when their services are not needed. But in any event, we do not see how its terms can avail these plaintiffs. If they were not excused, they were discharged, and their reassembling was as though they had been again summoned. They were not in attendance on the court during the fifteen days, and therefore can have no compensation for that time. —AFFIRMED.