MILES PARK, Plaintiff, Appellant, v. POLK COUNTY, Defendant, Appellee.

No. 42895.

JUNE 21, 1935.

Geo. A. Mahoney and Ed R. Brown, for appellant.

Carl A. Burkman, County Attorney, and Howard M. Hall, Assistant County Attorney, for appellee.

ANDERSON, C. J.—This action involves the interpretation of section 10846 of the 1931 Code, relating to fees and mileage of jurors.

Miles Park, the plaintiff-appellant, was on the grand jury panel for Polk county during the year of 1933. It is conceded that the grand jury of which appellant was a member was in session in Des Moines, the county seat of Polk county, 140 days during their various sessions in the year of 1933. The appellant lives at Runnells, Iowa, which is 20 miles from the county seat. It appears that the appellant was paid his regular per diem of three dollars per day for his services upon the grand jury and ten cents a mile for ten miles each day of such service and attendance. He brought this action to recover for ten additional miles at ten cents per mile for each day he was in service and attendance during the year of 1933. The appellee, Polk county, denied the claim of plaintiff and filed a counterclaim to recover back from the plaintiff excess mileage which it claimed had been paid to the plaintiff erroneously and contrary to the statute. There was a trial to the court resulting in a judgment dismissing

plaintiff's petition and a judgment against the plaintiff upon the defendant's counterclaim for the excess mileage paid the plaintiff. The plaintiff has appealed.

Section 10846 of the Code provides that jurors shall receive the following fees:

"1. For each day's service or attendance in courts of record, including jurors summoned on special venire, three dollars, and for each mile traveled from his residence to the place of trial, ten cents."

Section 10847 is as follows:

"Clerk to certify attendance. Immediately after the adjournment of each term of a court of record, the clerk thereof shall certify to the county auditor a list of the jurors, with the number of days' attendance to which each one is entitled."

It appears from the stipulation of facts upon which the case was tried below that at various times from May, 1929, a judge of the district court of Polk county has entered orders directing the clerk of the district court of Polk county to certify to the auditor of Polk county for payment fixed and certain amounts as mileage due to members of the grand jury. One of such orders was made on May 16, 1929, another on December 30, 1932, and in the last-mentioned order the judge set aside the prior order allowing ten cents per mile for each grand juror for each day from their place of residence to the courthouse in Des Moines and ordered that grand jurors in service "be allowed ten cents per mile up to and including ten miles for the actual distance traveled from their place of residence. This order to be in full force and effect until further order of court."

On the 10th day of January, 1934, one of the judges of the district court entered the following order:

"Now on this 10th day of January, 1934, it is ordered that the Polk County Auditor draw a warrant in favor of Miles Park residing at Runnells, Iowa, in the sum of one hundred and thirty-one dollars for his attendance one hundred and thirty-one days as grand juror during the year 1933, which sum is determined as follows: ten miles each day for one hundred and thirty-one days equals one hundred and thirty-one dollars. The above item is allowed for the reason that Miles Park, Grand

Juror, has only been allowed ten miles for his attendance from Runnells, Iowa, to the Polk County Court House when the allowance should have been for twenty miles distance, to be charged to the 1933 grand jury expense fund.''

■■■ Plaintiff's action is not in mandamus to compel the issuance of the warrant under the order last above quoted, but is an action at law to recover the claimed excess mileage. Various questions are raised in the appeal including the validity of the so-called orders of the district court fixing and directing the payment of mileage to members of the grand jury; and the plaintiff contends that the defendant is estopped from claiming a recovery on its counterclaim for excess mileage paid to the plaintiff, and also that the orders of court referred to were not appealed from, and that defendant's position in this case is a collateral attack upon valid judgments or decrees of the court.

Before going to an interpretation of the statute, which it appears to us is the vital question presented, we conclude that there is no estoppel of which the plaintiff can take advantage and that defendant is entitled to recover back excess payments if any were made to the plaintiff.

■■■ We conclude further that the orders of the district court in reference to the taxation and payment of mileage to grand jurors are absolutely null and void, without any statutory authority, and is a patent and flagrant attempt at judicial legislation. The legislature of the state has fixed and determined the compensation and mileage of grand jurors and has provided that the clerk of the district court certify to the county auditor a list of the grand jurors with the number of days attendance to which each is entitled. This would include the mileage to which each juror is entitled under the statutory provisions and we can find no statutory provision authorizing the district court to fix and determine either the per diem to be paid to jurors or the mileage to which the jurors are entitled, nor any authority to certify such per diem or mileage or direct its payment. It is therefore our conclusion that the orders of the district court of Polk county referred to are absolutely null and void.

■■■ Under the section quoted, 10846, jurors are entitled to three dollars per day per diem for each day's service or attendance in courts of record, and this includes grand as well as petit

jurors, and for each mile traveled from his residence to the county seat, ten cents. It is certainly contemplated and it must have been the intention of the legislature that such mileage should be for the first day of attendance only, that is, for each term of court to which the jurors are summoned. The grand jurors are entitled to three dollars per day per diem for each day of service, that is, for each day the grand jury is in session, plus ten cents per mile for each mile traveled from their residence to the place where the district court is held, but this for the first day of attendance only. If the theory adopted by the district court of Polk county was carried out to its logical result, jurors living at great distances from the county seat, say one hundred miles, would be able to draw ten dollars a day in addition to their per diem each day the grand jury was in session. Witnesses summoned on the trial of cases in the district court could return home each day after the adjournment of court and draw mileage at the rate of ten cents per mile up to one hundred miles. Such results were not contemplated by the legislature in fixing and determining the fees and mileage of jurors and witnesses.

We have but one case in Iowa interpreting a similar statute. In Anson v. Dwight, 18 Iowa 241, this court had a very similar matter under consideration. A trial of a case before a justice of peace was involved. The jury were impaneled on Saturday. The trial continued until 10 p. m. the same day and was then adjourned until Monday morning at 8 o'clock a. m. and was finished and a verdict returned at noon on Monday. The court taxed mileage for the jurors for going to their homes on Saturday night and returning to the court on Monday morning, and also taxed per diem for Sunday. This court set aside such taxation of costs and held:

"The jurors each were entitled to only single mileage, and to pay for two days services."

Pertinent to the interpretation of the statute under consideration, we might say that this court has held in Venett v. Jordan, 111 Iowa 409, 82 N. W. 953, that where jurors are excused for a definite time, they cannot be said during such period to be in attendance on the court. In that case the petit jury was excused for a period of fifteen days and claimed per diem during such time. They were not in attendance upon the court during that time and were held not to be entitled to their per diem. The

same ruling should be made as to grand jurors, they are only entitled to per diem for the days they are actually in session and service.

We know of no instance in the state, other than in Polk county, where it has been attempted to allow grand jurors mileage from their places of residence during each day of their service or attendance as grand jurors, and we assume, from the arguments of counsel, that this rule has not prevailed as to petit jurors in Polk county. It is suggested that the district court wished to compensate the grand jurors in a larger amount than was received by the petit jurors because of the greater responsibility and duties imposed upon them in acting in that capacity, but if grand jurors should be paid any extra amount either in mileage or per diem for their service it is a matter wholly within the power and judgment of the legislature.

Section 10847 makes it the duty of the clerk, after the adjournment of each term of court to certify to the county auditor the number of days which each juror is entitled to be paid. This section read in conjunction with section 10846 would contemplate that such certificate should also cover the mileage to which each juror is entitled. The duty of making this certificate is thus plainly imposed upon the clerk and not upon the court or judge.

We conclude that the finding and judgment of the lower court is correct and an affirmance necessarily follows.—Affirmed.

ALBERT, MITCHELL, KINTZINGER, HAMILTON, DONEGAN, POWERS, and RICHARDS, JJ., concur.