## BARR v. HACK.

1. **Slander:** EVIDENCE: GENERAL GOOD OR ILL WILL. In an action for slander good or ill will cannot be shown to mitigate or enhance the damages.

2. ——: ——: CURRENT REPORTS. The defendant may prove by cross-examination of plaintiff's witnesses that rumors and reports of the same tenor as the libel were current prior to the publication of the libel.

3. **Pleading:** INCONSISTENT DEFENSES: INSTRUCTION. The defendant may plead inconsistent defenses and an instruction directing that the admissions in one defense render it unnecessary for the jury to consider the evidence adduced in support of another is erroneous.

4. **Evidence:** CREDIBILITY OF WITNESS: INSTRUCTION. An instruction directing that "a witness whose statements out of court have been proven to be different from those made in court under oath is not entitled to much credit" was *held* to be erroneous.

*Appeal from Kossuth Circuit Court.*

FRIDAY, JUNE 15.

ACTION for slander. The facts are stated in the opinion. Judgment for plaintiff; defendant appeals.

*George E. Clarke,* for appellant.

*J. A. O. Yeoman,* for appellee.

ADAMS, J.—I. While the defendant was being examined as a witness his counsel inquired as to the feelings which had existed between himself and the plaintiff. To this the plaintiff objected and the court sustained the objection. It is claimed by the appellant that it was proper for him to show, for the purpose of mitigating

*1. SLANDER: evidence: general good or ill will.*

the damages, that his feelings toward the plaintiff had been kind and pleasant; but we think that the testimony was rightly excluded. If such testimony was admissible it would have been proper to go into a general inquiry upon that subject, and the damages allowed should have been less or greater, according to the greater or less degree of kindness of the defendant's feelings toward the plaintiff.

We think that no court has gone thus far. It may indeed be shown that the words were spoken in a heat of passion. This is allowed in mitigation of damages, partly out of tenderness toward the infirmities of the human mind and partly because words thus spoken are ordinarily less injurious. The allowance of evidence to show general ill will to enhance the damages, or general good will to mitigate them, would involve a different principle. In *Howard v. Sexton*, 4 N. Y., 157, it was held that general malice could not be shown. The question arose upon the admission of evidence of the speaking of other slanderous words of a different import. GARDINER, J., said: " It has sometimes been argued that proof of this character shows general malice upon the part of the defendant, which may properly enhance the damages against him. So would evidence that he had set fire to the house of the plaintiff, or committed a battery upon his person, furnish a stronger proof of general malice than mere words, however opprobrious. The principle does not stop with different words but extends to the whole conduct of the defendant. Some of the adjudged cases certainly seem to go this length. 2 Campb., 73. But the modern, and I think the better, doctrine is that the action of slander was not designed to punish the defendant for general ill will to his neighbor, but to afford the plaintiff redress for a specific injury. To constitute that injury malice must be proved, not mere general ill will, but malice in the special case set forth in the pleadings, to be inferred from it and the attending circumstances."

It would seem to follow that, if general ill will cannot be shown to enhance the damages, general good will cannot be shown to mitigate them. Besides, it is doubtful whether such showing, if allowable, could be properly regarded as having

that effect. What a person says against his enemy is generally less credited than what he says against his friend. We are of the opinion that the testimony offered was rightly excluded.

II. A witness introduced by plaintiff, for the purpose of showing his good character, testified as follows: "I have known Dr. Barr (the plaintiff) since he has been in the county; I know his general reputation in the community as well as any other man; his reputation is good as far as I know."

2. ——: ——: current reports.

On cross-examination the defendant's counsel asked him: "Didn't you ever hear, prior to last September, a report of improper or illicit intimacy between Dr. Barr and Mrs. Phillips?" To this question the plaintiff objected and the court sustained the objection. The words for the speaking of which this action was brought charged the plaintiff with having had illicit connection with a woman. If it was true that prior to the time of the alleged connection there was a report that the plaintiff had been guilty of a similar offense, we think it was proper to show it, and in the way proposed. In Addison on Torts, Vol. 2, p. 389, the author says, citing *Richards v. Richards*, 2 M. & Rob., 557: "The defendant has been allowed to prove, by cross-examination of the plaintiff's witnesses, that rumors and reports of the same tenor as the libel were current prior to the publication of the libel, and were the common topics of conversation."

III. The defendant, for one defense, pleaded a general denial, and for another justification. The court instructed the jury in the following words: "It is not necessary for you to determine from the evidence whether the defendant spoke the alleged slanderous words charged in the plaintiff's petition, the said defendant having in his answer admitted that he spoke of and concerning the plaintiff the words substantially as therein charged."

3. PLEADING: inconsistent defenses: instruction.

Under section 2710 of the Code it is allowable to plead inconsistent defenses. The defendant should have the full benefit of each defense. But this cannot be so if the admissions in one defense, made necessary by the nature of the defense, are

to be construed as affecting a different defense which is inconsistent with such admissions. We think, therefore, that the instruction is erroneous.

IV. One of the witnesses for the defendant, after testifying to facts tending to show that the plaintiff had been guilty of the acts charged, admitted, upon cross-examination, that for the purpose of hushing up the trouble he had made statements inconsistent with what he had testified to.

4. EVIDENCE: credibility of witness: instruction.

In relation to the testimony of this witness the court instructed the jury as follows: "A witness whose statements out of court have been proven to be different from those made in court under oath is not entitled to much credit as a witness." In giving this instruction we think that the court erred. Where a witness has made out of court statements inconsistent with his testimony, the credibility of the testimony may be very much or very little impaired. The character of the witness for veracity should undoubtedly suffer whatever may have been his motive for misrepresentation, but the credibility of his testimony in the case is a different thing. The very fact that the witness, under the solemnity of an oath, has felt obliged to disclose what he had attempted to conceal, shows at least a respect for his oath, and it is not for the court to say that he is not entitled to much credit as a witness. Whether he is entitled to much credit or not must depend upon circumstances, and the jurors must be the sole judges in every case.

REVERSED.