MEADOWS v. THE HAWKEYE INSURANCE CO.

| 62 | 387 |
|----|-----|
| 94 | 204 |
| 94 | 420 |
| 62 | 387 |
| 106 | 227 |
| 62 | 387 |
| 114 | 155 |

1. **Pleading**: REPLY TO ANSWER WHICH DOES NOT PRESENT A COUNTER-CLAIM. An answer which is not a counter-claim is considered denied, and a reply denying such answer is not allowed. Code, § 2665. And where a reply both denies the allegations of such an answer, and pleads matter in avoidance thereof, the denial must be disregarded, and the plea in avoidance must be regarded as implying a confession of the answer.

2. **Insurance**: CONDITION IN POLICY ENFORCED. Where a policy of insurance contained the following condition: "The commencement of foreclosure or other proceedings upon any mortgage * * * * shall immediately render this policy null and void," and, subsequently to the execution of the policy, foreclosure proceedings were commenced upon a mortgage covering the property insured, under which the property was sold prior to its destruction by fire, *held* that no recovery could be had upon the policy.

*Appeal from Ringgold District Court.*

TUESDAY, DECEMBER 11.

ACTION upon a policy of insurance. There was a judgment upon a verdict for plaintiff. Defendant appeals. The facts of the case are stated in the opinion.

*R. W. Barger*, for appellant.

*Henry & Spence* and *Laughlin & Campbell*, for appellee.

BECK, J.—I. The policy contains a condition in the following language: "The commencement of foreclosure or other proceedings upon any mortgage, lien or incumbrance of any kind, or of any suit or action in any court concerning the title in any wise, shall immediately render this policy null and void." The answer alleged that, subsequent to the execution of the policy, foreclosure proceedings were commenced upon a mortgage covering the property insured, which resulted in a de-

*1. PLEADING: reply to answer which does not present a counter-claim.*

cree therein, upon which the property was sold prior to its destruction by fire. The defendant insists that the policy is void under the condition above quoted. The plaintiff filed a reply wherein he alleges, among other matters, that he has neither knowledge nor information sufficient to form a belief as to the truth of the allegations of the answer. In another count of the reply he avers "that it is true that, on or about the time stated in the answer, there was a certain mortgage foreclosed against said premises, as stated in the answer, but such mortgage was not made by plaintiff, nor was plaintiff liable therefor, or for the payment thereof; that there was a sale of said premises thereunder, as alleged by defendant, but that defendant had full knowledge of the commencement and prosecution of such foreclosure proceedings from their commencement to their close, and did not in any manner notify plaintiff that the policy sued upon was avoided, or that it would insist on a forfeiture thereof, and that, ever since plaintiff made his application for said policy, up to the present time, defendant has held the note of plaintiff given for the premises under said policy, and has permitted interest to accumulate thereon, and has never offered to return said note to plaintiff." The reply further alleges that defendant, with full knowledge of the facts, notified and requested plaintiff to furnish proofs of loss, which was done at loss of time, trouble and expense. A motion to strike, and a demurrer, were directed against the parts of the answer just set out and recited, but each was overruled. A like motion and a demurrer to another part of the reply, the second count, were sustained. These pleadings, and others filed in the case, need not be more particularly referred to in this opinion.

Upon the trial, the plaintiff introduced in evidence the policy, and proved the destruction of the property insured by fire, and thereon rested his case. The defendant thereupon asked the court to direct a verdict to be brought in for it, on the ground that plaintiff admitted in his reply the facts pleaded by defendant, which annulled and avoided the policy,

and the evidence does not tend to show any waiver of the forfeiture, or any promise or agreement of defendant to pay the loss. The motion was overruled, and a verdict was had for plaintiff, upon which judgment was rendered.

II. We shall first inquire whether the reply of plaintiff admitted the allegations of the answer setting up a forfeiture of the policy. A reply is not permitted, except where a counterclaim is set up, or some matter is pleaded in the answer to which plaintiff claims a defense by reason of facts which avoid the matter alleged in the answer. Code, § 2665. The reply is not admissible, except to a counter-claim, or to plead matter in avoidance of the defense set up by the defendant. In order to avoid the defendant's defense, it must, of course, be admitted; for reason would not permit a party to allege an avoidance of a defense which is wholly denied. If the allegations sought to be avoided are not true, it is plain that matter pleaded in avoidance can have no existence. The very meaning of the words "avoid" and "avoidance," when used by pleaders, implies the admission of the defense sought to be avoided. Bouvier's Law Dictionary. Indeed, there cannot be an avoidance without a confession of the defense sought to be avoided. Gould's Pleadings, p. 34; 1 Chitty's Pleadings, 556.

III. Counsel for plaintiff insist that, as inconsistent defenses may be stated in the same answer or reply, (Code, § 2710,) we must regard plaintiff's reply as both denying the allegations pleaded as a defense, and as alleging facts avoiding it. But there is something more than an inconsistency in the pleading. The avoidance is based upon and cannot be made without an admission of the defense set up by defendant. If the reply be regarded as denying the allegations of the defense, then does it fail to present an avoidance?

Counsel cite, in support of their position, *Barr v. Hack,* 46 Iowa, 308, which holds that, in an action for slander, a general denial may be pleaded in the answer with a justification. It may be conceded that the rule of the case applies to

answers in all forms of actions setting up defenses to the plaintiff's claim. But it is made plain by the following considerations that the rule does not apply to a reply to an answer under our system of pleadings. The following provisions are found in the Code: " Section 2665. There shall be no reply except: 1. Where a counter-claim is alleged; or 2. Where some matter is alleged in the answer to which the plaintiff claims to have a defense by reason of the existence of some fact which avoids the matter alleged in the answer."

"Section 2666. When a reply must be filed, it shall consist of: 1. A general or specific denial of each allegation or counter-claim controverted, or any knowledge or information thereof sufficient to form a belief; or 2. Any new matter not inconsistent with the petition, constituting a defense to the matter alleged in the answer; or the matter in the answer may be confessed and any new matter alleged, not inconsistent with the petition, which avoids the same."

"Section 2667. Any number of defenses, negative or affirmative, are pleadable to a counter-claim, and each affirmative matter of defense in the reply shall be sufficient in itself, and must intelligibly refer to the part of the answer to which it is intended to apply.     *     *     *     *     *     *."

It will be observed from these provisions that a reply is not permitted to deny the allegations of the answer, which is regarded as denied without further pleadings. See cases cited in Miller's Code and McClain's Statutes. A denial of the allegations of the answer is unknown and is forbidden. A counter-claim, introducing new matters not put in issue by the petition and answer, must be denied by a reply. " New matters, not inconsistent with the petition, constituing a defense to the matter alleged in the answer," and matters in confession and avoidance of the defense pleaded in the answer, must be set up in the reply.

In the case at bar, the part of the reply denying the allegations of the answer must be disregarded, for the reason that it is forbidden by the statute. The reply must be regarded as

Meadows v. The Hawkeye Insurance Co.

presenting nothing more than matter in confession and avoidance. We must, therefore, regard it as containing no denial of the allegations of the answer, and as containing nothing further than an admission and avoidance of the allegations of the answer, setting up the particular defense pleaded therein.

III. The allegations of the answer, showing the forclosure of a mortgage subsisting against the property, and the sale of the insured premises thereunder, are admitted by the reply. The plaintiff introduced no evidence to support his allegations of matters in avoidance.

2. INSURANCE: condition of policy enforced.

We are to inquire whether the defense thus pleaded is sufficient to defeat the action. We need not inquire into the sufficiency of the matters in avoidance, pleaded by the reply, for no attempt was made to support them by proof.

The facts admitted by the reply are in direct violation of the condition of the policy above quoted. Under this condition, the policy becomes absolutely void upon the happening of the things contemplated therein, without any act on the part of the insurance company. The condition is a part of the contract entered into by the parties, and must be enforced. We cannot make a new contract for them, nor refuse to enforce the contract they made for themselves. *Supple v. The Iowa St. Ins. Co.*, 58 Iowa, 29; *Titus v. Glens Falls Ins. Co.*, 81 N. Y., 410; *McIntire v. Norwich Ins. Co.*, 102 Mass., 230; Wood on Insurance, p. 550.

We reach the conclusion that the court below erred in refusing to direct the verdict for defendant. As this point is decisive of the case, other questions discussed by counsel need not be considered.

REVERSED.