C. M. Nichols v. The Chicago Great Western Railway Company and The Chicago, St. Paul & Kansas City Railway Company, Appellants.

**Pleading.** A reply that a stipulation set up by an answer is void, does not so admit the existence of the stipulation as to overcome the denial which the law interposes to the declarations of an answer.

*Appeal from Buchanan District Court.*—Hon. John J. Ney, Judge.

Thursday, April 4, 1895.

Action at law to recover damages for injuries done to some live stock shipped by plaintiff from Independence, Iowa, to Jamestown, N. D. The court, after sub-

mitting the case to the jury, recalled them, and gave a peremptory instruction to find for defendants upon the pleadings. On plaintiff's motion a new trial was granted, and defendants appeal.—*Affirmed.*

*O. C. Miller* and *C. E. Ransier* for appellants.

*M. R. Eastman* and *Lake & Harmon* for appellee.

Deemer, J.—This action was brought against the Chicago, St. Paul & Kansas City Railway Company, as owner, and the Chicago Great Western Railway Company, as lessee, of a line of railroad in this state, to recover damages for negligently and carelessly operating one of its trains so that some live stock being carried over the road was injured. The defendant, in its answer, first made a general denial, and next pleaded a written contract which contained a stipulation limiting its liability for injuries to horses to one hundred dollars per head, and a further stipulation that the company should not be held liable for loss or damage to property under shipment unless claim therefor was made in writing upon one of its agents within thirty days from the date of the contract, and alleged that no written notice or claim was at any time made. The plaintiff, in reply, pleaded "that this defendant charges in his answer herein filed 'that they are not liable to plaintiff for live stock for more than $100 per head, and that this carrier is not to be held liable for loss or damage to property under this shipment unless claim thereof is made in writing upon one of its agents, within thirty days from the above date;' that the above conditions set out in said contract are void, are not in accord with the law of the state of Iowa; that they are opposed to public policy and are void." Evidence was adduced on the issues thus presented, and the cause was fully

submitted to the jury.    After the submission the judge
directed the jury to be brought before him, and there-
upon gave the following instruction: ."When I
instructed you, gentlemen, I overlooked the fact
that the plaintiff had filed a reply here which
admits, in effect—that is, the effect of a reply
—of filing a reply—is to admit that the matters
well pleaded in the answer are true; and that being
the case, it admits that notice was not served upon the
company, as set out in the answer.  So that question is
disposed of, and there is nothing left for you to do or
consider in this case, and you may return a verdict on
the pleadings here for the defendant."  A verdict was
accordingly returned for defendants.  Plaintiff moved
for a new trial, and the motion was sustained, and
defendants appeal.

The sole question presented is, did the court err
in the construction it put upon the pleadings.  It is
quite clear that he did.  Indeed, it is doubtful if the
reply, in itself, tendered any issue but one of law.  It
does not set forth facts which avoid the matter alleged
in the answer, but pleads conclusions of law.  It neither
admits nor denies the matter pleaded in answer, and,
unless it be treated as a demurrer, it was a sham and
redundant.  However, it is evident that the court below
did not treat it as raising an issue of law, but rather one
of fact, and held that in effect it admitted the truth of
the matters pleaded in the answer.  That there was no
express admission is conceded, and the only one which
can be implied is the colorable one necessary to sustain
a plea of confession and avoidance.  We have expressly
held that such an admission does not affect the general
denial interposed by operation of law to the matters
pleaded in answer; that it is only overcome by an
express admission in the reply.  *Day v. Insurance Co.*,
75 Iowa, 694; *Meadows v. Insurance Co.*, 62 Iowa, 387.

See also *Schutt v. Colthurst* (decided at present term) *infra*. As said in the *Day Case:* "There is no legal objection to the stating of a defense in a reply which is inconsistent with the general denial implied by law, nor is such denial waived by the pleading of a defense inconsistent therewith. A denial implied by law is governed by the same rules as one formally pleaded. The right to plead inconsistent defenses is as broad in the case of a reply as in that of an answer. When such defenses are in issue the confession made in the pleading of one, where a right is not thereby fully admitted, cannot be treated as evidence to disprove another." As the case stood upon the pleadings, there was no admission of the truth of the defenses pleaded in the answer, and the court correctly sustained the motion for a new trial.

Other questions are discussed by counsel, but we do not think they are properly raised, or that they are controlling, and we must decline to consider them. The judgment of the district court is *affirmed*.