HENRY SCHULTE, Appellant, v. W. H. COULTHURST, Administrator, Etc.

**Negotiable Instrument:** PRESUMPTION OF NONPAYMENT: ESTATES OF DECEDENTS. Under Code, 2730, signatures whose genuineness is not denied under oath, are deemed admitted, but section 2410 provides that all claims against an estate are deemed denied unless expressly admitted in writing. This action was on a note purporting to have been executed by defendant's intestate. An answer denied the execution of the note. *Held,* the introduction of the note by its endorsee with *prima facie* proof of the genuineness of the signature overcame the denial by operation of law and raised such presumption that the note is unpaid as to entitle to recovery upon it in the absence of rebutting evidence. *Stevens v. Witter,* 88 Iowa, 636, *distinguished.*

**Practice:** CONFESSION AND AVOIDANCE. An answer denies the execution of a note sued by an indorsee and that there is any debt due the payee. A reply denies the allegations of the answer and avers a good faith purchase before maturity. *Held,* such reply is not such a plea in confession and avoidance as to admit the averments of the answer. *Meadows v. Ins. Co.,* 62 Iowa, 387, *modified.*

*Appeal from Mitchell District Court.*—HON. P. W. BURR, Judge.

SATURDAY, APRIL 6, 1895.

Proceeding in probate for the allowance of a claim against an estate. Claim disallowed. Claimant appeals.—*Reversed.*

*Eaton & Clyde* for appellant.

*J. M. Moody* for appellee.

Kinne, J.—I.    This is a proceeding to establish a claim of plaintiff against the estate of William Coulthurst, deceased.    This claim is a note, dated October 30, 1891, for one hundred and seventy-five dollars, drawing seven per cent. interest, and due nine months after date.    The defendant answered in three counts: *First,* a general denial; *second,* a denial of the execution of the note, and a denial of any indebtedness to the payee of the note; *third,* that on October 30, 1891, a settlement was had between the payee of said note and the decedent, and at that time said payee procured the note by fraud.    The plaintiff replied, denying all of the allegations in the second and third counts of the answer, and averred that he purchased the note in good faith, before maturity, and for a full consideration.    The note purported to be signed by the defendant by his mark (a cross), and witnessed by one W. H. Coulthurst.    The note was payable to one Williams or order, and was by him indorsed without recourse to plaintiff.    Plaintiff introduced evidence tending to show that he purchased the note before due, in good faith, and for value.    He also showed that the witness to the signature of the note was not within the jurisdiction of the courts of this state.    Williams, the payee of the note, testified to the genuineness of the signature of decedent and the witness.    The administrator, as a witness, was not able to say whether or not the mark on the note was made by the decedent.    One Ryce, an attorney, testified that he had been the decedent's attorney during his lifetime, and that he was familiar with his mark, and that he believed the mark on the note was made by decedent. The court ruled out the evidence of Williams, and admitted the note in evidence, holding that a *prima facie* case had been made as to genuineness of the signature.    Defendant then offered evidence tending to

show that the plaintiff did not purchase the note before its maturity. Plaintiff showed by the administrator that he had not paid the note, and had no personal knowledge that it had been paid. At the conclusion of the testimony, the court disallowed the claim, to which ruling plaintiff excepted, and he appeals.

II. No question arises on this appeal as to the correctness of the ruling of the court in admitting the note in evidence. The only question is as to the effect of admitting the note. Did the note, when admitted, make a *prima facie* case for plaintiff, which warranted the court in establishing the claim, in the absence of evidence showing that the signature was not genuine, and in the absence of evidence tending to sustain other defenses pleaded? Appellee contends that this part of the reply, which denies the allegations of the answer must be disregarded and the reply treated as a confession, the latter part of which is an attempt to avoid the matter confessed. He relies upon *Meadows v. Insurance Co.*, 62 Iowa, 387. The case, in so far as it may sustain the contention of appellee, has been modified by the more recent cases, wherein it is held that, under such a condition of the pleadings, a reply does not, of necessity, admit the averments of the answer. *Tobin v. Society*, 72 Iowa, 261; *Day v. Insurance Co.*, 75 Iowa, 694; *Stanbrough v. Daniels*, 77 Iowa, 561; *McDermott v. Railway Co.*, 85 Iowa, 185. See *Nichols v. Railway Co.*, 94 Iowa, 202, 62 N. W. Rep. 769. We, therefore, conclude that the reply did not admit the matters pleaded in the second and third counts of the answer.

The record does not disclose the reason for the refusal of the court to establish the claim. It is, however, said in argument that the court, relying upon the case of *Stevens v. Witter*, 88 Iowa, 636, determined that it was incumbent upon plaintiff to show that the note had

not been paid, and that he had failed to show that fact. That was a case to recover for labor done and materials furnished under a contract, and there was no evidence that the sums accruing under the contract had not been paid. In the case at bar we have a promissory note, and the genuineness of the signature of decedent to it held by the court below to have been *prima facie* established. The note was then in evidence as the obligation of the deceased. In the absence of evidence to the contrary, it would seem that, having been admitted in evidence the same presumptions should exist as to it as would obtain in case the action was not against an estate. In the latter case the introduction of the note, in the absence of evidence offered by the defendant, would make a *prima facie* case entitling the holder to recover. Now, when this note was in evidence, there was a legal presumption that the signature thereto was genuine. The note then imported a consideration. The presumption then was that the note was the property of the plaintiff, since he produced it in the trial. So, too, the presumption obtained, until overcome, that the amount appearing from the note itself to be due from the decedent was in fact due. *Stiger v. Bent,* 111 Ill. 328; 1 Daniel, Neg. Inst. section 812. Nor is there any presumption of payment of a negotiable promissory note until the full statutory period of limitations has run. *Forsyth v. Ripley,* 2 G. Greene, 181; *Nash v. Gibson,* 16 Iowa, 305. Now, the statute provides that all claims filed against an estate, and not expressly admitted in writing, signed by the executor, with the approbation of the court, shall be considered as denied, without any pleading on behalf of the estate. Code, section 2410. By section 2730 it is provided that, when a written instrument is the basis of the action, the signature thereto shall be deemed genuine and admitted,

unless the person whose signature the same purports to be shall deny the genuineness of such signature under oath. We had occasion in the case of *Smith v. King,* 88 Iowa, 105; and the cases therein referred to, to consider the effect of these sections. It was there said: "We think that the law in such cases is that a denial of the execution of the note, made by a pleading filed, or a denial made by the statute, puts in issue the genuineness of the signature to the note; and the burden is on the plaintiff to show the genuine character of the signature before he is entitled to put his note in evidence. The law puts in issue the truth of every allegation and claim which is essential to the plaintiff's recovery. It disposes of the presumptions which ordinarily obtain in favor of the genuineness of the signature to a written instrument when the statutory denial is not made." In *Stevens v. Witter,* 88 Iowa 636, we said: "The denial which the law interposes makes it necessary for the plaintiff to show that he had a valid claim against the estate of the decedent—that something was due him." Now, as we have seen, after the note was in evidence there attached to it a presumption that it was unpaid, and that the amount appearing on its face to be due was in fact due from decedent. No evidence whatever was introduced to overcome this legal presumption. It appears to us that plaintiff made a case clearly within the statute and the cases cited. By virtue of the legal presumption which attached to commercial paper, he had shown that the entire note was due. He had answered the demands of the statute in the first instance, and, until evidence was introduced to overcome the presumption, he had made a case entitling him to have his claim established. In its facts this case is unlike *Stevens v. Witter.* There the law raised no presumption that the amount to be paid under the contract was still due; while here

the note itself, when in evidence, after its genuineness had been shown, raised the presumption that the amount represented by it was due, and such presumption obtained until overcome. In other words, it matters not how the fact as to what is due is shown, whether by testimony as to the fact or by presumption raised by law. The one is as effectual as the other.

For the reasons given, the court below erred in refusing to establish the plaintiff's claim.—*Reversed.*