WILLIAM RUDD v. MORRIS M. DEWEY, Appellant.

Alienation of Wife's Affections: PLEADINGS INCONSISTENT DE-
1    FENSES: ADMISSIONS.   Under the Code practice in this state
     permitting inconsistent defenses, the defendant may in differ-
     ent divisions of his answer plead a general denial and a con-
     fession and avoidance, and the effect of the general denial is
     not nullified by the colorable confession alleged in connection
     with the avoidance.

Instructions.   A prejudicial error in one instruction is not cured
2    by correctly stating the law in another.

Illicit Intercourse:  ADMISSION OF.   In an action for alienating the
3    wife's affections, an admission of defendant in one division of
     his answer "that whatever relations he had with plaintiff's
     wife were with the knowledge, acquiesence and consent of the
     plaintiff" is not an admission of illicit intercourse.

Cross-Examination.   Defendant testified on direct examination
4    that plaintiff consented to his having intercourse with plaintiff's
     wife and that she concurred if she could have her own room,
     but that he had never occupied any other room in the house
     except his own. Plaintiff sought on cross-examination to elicit
     the fact as to intercourse.   Held, improper cross examination.

Offer to Compromise:  WHEN ADMISSIBLE.   An offer of compromise
5    is not admissible in evidence unless it contains admissions
     of fact.

Damages:  EVIDENCE OF.   In an action for alienating the wife's
6    affection, evidence as to plaintiff's disposition of their child-
     ren on account of the wife's improper conduct is admissible on
     the question of damage.

*Appeal from Crawford District Court.*—HON. Z. A.
CHURCH, Judge.

WEDNESDAY, OCTOBER 21, 1903.

ACTION for alienation of affections of plaintiff's wife.
Verdict for plaintiff for $1,200 damages.   From judgment
thereon, defendant appeals.—*Reversed.*

*Conner & Lally* for appellant.

*Salinger & Korte* and *Shaw, Sims & Kuehnle* for appellee.

McCLAIN, J.—By the answer of defendant two issues were raised which are material for consideration: First, that resulting from the general denial of each and every

**1. PLEADINGS; inconsistent defenses: admissions.** allegation of plaintiff's petition; and, second, that arising from the allegation that "whatever relations he [defendant] had with plaintiff's wife were with the knowledge, acquiescence, and consent of the plaintiff." Plaintiff moved to strike out the second division of defendant's answer for the reason that the allegations thereof were redundant, irrelevant, and constituted no defense, and for the further reason that the same were neither an admission, denial, nor confession and avoidance. When this motion was argued, and again when the evidence was introduced, there was some colloquy between the court and counsel as to whether counsel intended by the second division of the answer to admit the fact of illicit intercourse between defendant and plaintiff's wife. Counsel for defendant insisted consistently throughout that the second division contained a sufficient admission of the fact for the purposes of the pleading, in order to entitle him to introduce evidence of the matter pleaded by way of confession and avoidance, and that at the same time there was no such admission as to relieve the plaintiff from the obligation to prove that fact, in view of the general denial contained in the first division of the answer. The court took the view that the second division of the answer contained an admission of fact of illicit intercourse, and overruled plaintiff's motion to strike out that division. When the court came to instruct the jury, it stated the defenses of defendant as follows: "For answer, defendant says, first, that he denies each and every allegation

made by the plaintiff; second, he admits that he had unlawful sexual intercourse with plaintiff's wife, and says that he had such intercourse with the knowledge, acquiescence, and consent of the plaintiff. * * * The burden is on the plaintiff to show a preponderance of the evidence for the truth of the allegations of his petition." And the court gave the following instruction: "As the defendant admits that he had unlawful sexual intercourse with plaintiff's wife, you will treat that fact as proven, and it is unnecessary for the plaintiff to prove that claim in his petition. But before plaintiff can have a verdict, he must prove every claim made in his petition, except that defendant had intercourse with plaintiff's wife, by a preponderance of the testimony. That is, he must so prove that he was damaged as he claims in his petition, and all other allegations of both counts of the same, except the fact of intercourse." By this instruction the jurors were plainly told that the colorable confession made in the second division of the answer for the purpose of supporting an allegation of new matter by way of avoidance obviated the necessity of proving the matter thus colorably confessed, although in another division of the answer all the allegations of plaintiff's petition were denied.

It is evident that this was an erroneous interpretation of the effect of the division of the answer in which the defendant sought to confess and avoid plaintiff's allegations. By the rules of the common-law, the defendant is not allowed in his pleadings to present simultaneously several distinct answers to plaintiff's allegations. There must be but a single issue for determination by the jury. Stephen, Pleading, 131; Perry, Common-Law Pleading, 303. In equity, however, the defendant may interpose as many defenses as he has under the facts of the case, and this is allowed also in pleadings at common law, by virtue of the statute 4 Anne, chapter 16, section 4; and by the reform procedure, as in

force in all the states in which the code system prevails, distinct defenses are allowed to be pleaded simultaneously, each being stated in a separate division of the answer, consistent in itself, and sufficient to constitute a defense to the action.    Pomeroy, Remedies, sections 715-725; Bliss., Code Plead. section 342; Daniel, Equity Procedure (4th Am. Ed.) 713, 714.    As to whether defendant, interposing distinct defenses in separate divisions of his answer, may rely upon defenses inconsistent with each other (that is, of such nature that if one is true the other cannot be true), the authorities in which the code system has been interpreted are in conflict; and it has sometimes been said that inasmuch as the defendant must plead truthfully, he cannot rely at the same time on two or more defenses which are absolutely inconsistent with each other.    *Derby v. Gallup*, 5 Minn. 119 (Gil. 85); *Atteberry v. Powell*, 29 Mo. 429, 77 Am. Dec. 579.    But in many cases the decision of the question has been made to turn, not on the right to plead inconsistent defenses, but on the question whether the distinct defenses pleaded are in fact necessarily inconsistent.    *Rhine v. Montgomery*, 50 Mo. 566; *Weston v. Lumley*, 33 Ind. 486.    Any uncertainty of the law in this respect, however, has been definitely settled in this state by Code, section 3620, which is as follows:    "Inconsistent defenses may be stated in the same answer or reply, and when a verification is required, it must be to the effect that the party believes one or the other to be true, but cannot determine which"—and is the same, in substantial effect, as section 2937, of the Revision of 1860, the first provision on the subject in our statutory history.    Under our Code it has uniformly been held, in a series of decisions, the first of which was rendered before there was any specific provision on the subject, that defendant might, in different divisions of his answer, plead a general denial and a confession and avoidance, and that the effect of the general denial will not

be nullified by the colorable confession necessarily alleged in connection with the avoidance. *Grash v. Sater*, 6 Iowa, 301; *Shannon v. Pearson*, 10 Iowa, 588; *Quigley v. Merritt*, 11 Iowa, 147; *Treadway v. Sioux City & St. P. R. Co.*, 40 Iowa, 526; *Barr v. Hack*, 46 Iowa, 308; *Heinrichs v. Terrell*, 65 Iowa, 25. And on the same reasoning it has been held that the pleading of matter in confession and avoidance in the reply does not waive the general denial, which, by virtue of Code, sections 3576, 3622, 3648, is interposed to all allegations of new matter in the answer by operation of law. *Day v. Mill Owners' Mut. Ins. Co.*, 75 Iowa, 694; *Nichols v. Chicago G. W. R. Co.*, 94 Iowa, 202; *Schulte v. Coulthurst*, 94 Iowa, 418.

But even in states where inconsistent defenses are not allowed, the remedy is by motion to strike or to require an election; and, if the two defenses are allowed to stand, the colorable confession in one division, which is introduced or implied in order to support matter in avoidance, does not waive the general denial pleaded in another. Pomeroy, Remedies, section 724; *Siter v. Jewett*, 33 Cal. 92. The theory of the courts in some states where there is no specific provision allowing inconsistent defenses, that, as the defendant should allege the truth, he ought not to be allowed to rely upon different states of fact inconsistent with each other, as against plaintiff's claim, is, after all, no more cogent than that recognized by our statutory provision under which he is allowed to plead, and proceed to prove, so far as he can, allegations by way of defense which are absolutely inconsistent with each other. Absurd as it may seem at first blush to allow defendant, charged with having negligently broken a borrowed kettle, to answer that he never borrowed the kettle, that it was broken when he borrowed it, and that it was sound when returned, nevertheless, when it is reflected that the controversy may be about a kettle borrowed by defendant's servant, as to which defendant had no knowledge whatever

and that, the servant having disappeared, defendant will be
entirely dependent on such casual evidence as he may be
able to scrape up in the neighborhood, the rule is not by
any means unreasonable or without support in public
policy. The defendant may not know what set of facts
he will be able to establish. He is absolutely dependent
upon the testimony of witnesses as to matters not within
his personal knowledge, and he ought not to be defeated
if on the trial any legitimate defense which he has pleaded
is established by the evidence. *Bell v. Brown*, 22 Cal.
671; *Buhne v. Corbett*, 43 Cal.. 264. The case before us
illustrates the policy of this rule, for defendant, in his
testimony, absolutely denied sexual intercourse with
plaintiff's wife, and also testified as to a proposition made
by the husband, which, if truly related, would have just-
ified defendant in believing that such intercourse would
not be objectionable to the husband. Whatever doubts
the jury might have entertained with reference to the
credibility of this testimony, defendant had the right to .
have it considered by them, as judges of the facts.

Counsel for defendant urge that, whatever error may
have been committed by the court in the instruction
already quoted, it was cured by instructions given in
**2. INSTRUCTIONS** another part of the charge, recognizing the
correct rule of law. But those instructions
were absolutely inconsistent with the one above referred
to, and it is well settled that prejudicial error in the giv-
ing of one instruction is not cured by stating the correct
rule in another. *Vanslyck v. Mills*, 34 Iowa, 375; *Hawes
v. Burlington, O. R. & N. R. Co.*, 64 Iowa, 355.

It is apparent from what has been said that the court
erred in his statement of the defenses as above quoted. It
is true, as matter of pleading, that the second division of
the answer impliedly admitted improper relations of de-
fendant with plaintiff's wife; such colorable admission
being necessary to support the allegation of new matter by

way of avoidance. But such colorable admission was not an admission of fact for the purpose of the trial, but only for the purpose of the pleading. Moreover, the admission is not of unlawful sexual intercourse, either in fact or by 3. ILLICIT intercourse: ad-missions. implication, for defendant may have had such relations with plaintiff's wife as to be liable in an action for alienation of affections, without actual sexual intercourse. The importance of this suggestion becomes apparent when we state that defendant testified that plaintiff's wife came into his own bed, but that he was unable to have sexual intercourse with her, because of his physical incapacity. If defendant, by the exercise of improper influences over and intimacies with plaintiff's wife, induced her to so far ignore her obligations to her husband as to commit such an act, he undoubtedly rendered himself liable in damages to the wronged husband, although actual intercourse was impossible. Therefore his implied confession in the second division of his answer, that he had improper relations with plaintiff's wife, did not constitute an admission of sexual intercourse. In fact, the trial court wholly misconceived, as it appears from his instructions, the nature and effect of the plea in confession and avoidance.

A few of the other errors assigned need to be noticed, in view of the possibility of a new trial. One of these is that defendant having testified on his examination in 4. CROSS-EX-AMINATION. chief, in effect, that, although plaintiff consented to criminal intercourse between his wife and defendant, and the wife concurred in such prospective arrangement if she could have her own room, defendant had never occupied any other room in the house except his own, he was asked on cross-examination, against objection properly made, what the fact was about his having had sexual intercourse with plaintiff's wife. This, we think, was not legitimate cross-examination. No matter how apparent it may have been that defendant was

skillfully avoiding giving testimony as to that material
fact on direct examination, if the plaintiff desired to
establish it by defendant, he should have done so by mak-
ing defendant his witness, and not on cross-examination.
The ruling of the court was perhaps not in itself such error
as would warrant reversal, but we think it was erroneous.

A certain letter from defendant to plaintiff was ad-
mitted in evidence as tending to show an offer of compro-
mise by defendant to plaintiff of the wrong done.   Offers

5. OFFER to
compromise:
when admis-
sible.

of compromise are not admissible, as against
the party making them, unless they contain
admissions of fact.   *Rosenberger v. Marsh,*
108 Iowa, 47; *Kassing v. Ordway,* 100 Iowa, 611; *State v.
Lavin,* 80 Iowa, 555; *Doon v. Ravey,* 49 Vt. 293; *Durgin
v. Somers,* 117 Mass. 55; *Sanborn v. Neilson,* 4 N. H. 501.
The letter offered in evidence did not admit in any way
nor suggest any improper relations between the defendant
and plaintiff's wife, but related solely to a proposition to
settle "our affair." It is true, the writer stated his con-
clusion that plaintiff "should be paid"; but for what,
does not appear.   No evidence was left in the record con-
necting this conclusion of defendant with any claim of
plaintiff relating to this cause of action.   The letter,
therefore, should have been excluded.   The letter from
plaintiff to defendant, written in reply, should also have
been excluded.

Objections to the testimony of plaintiff as to his dis-
position of his children, in consequence of the improper
conduct of his wife, were not well taken, as the conse-

6. DAMAGES;
evidence of.

quence of the breaking up of plaintiff's fam-
ily relations might well be shown as a part of
the damage suffered, if defendant was guilty of the wrong
charged against him.   Nor was the objection that plaintiff
was incompetent to testify as to the value of his wife's
services per year well founded.   Certainly the husband
was as well qualified as any one to testify as to the value

of such services.    Other questions argued are not likely to arise on a new trial, and need not be considered.

For the reasons already given, the judgment is REVERSED.