PARSONS v. TROWBRIDGE.

(Circuit Court of Appeals, Eighth Circuit.   September 9, 1915.)

No. 4109.

1. PLEADING ⬤⇒93—JOINING OF INCONSISTENT DEFENSES.
Under the law of Iowa inconsistent defenses, as denial of contract, postponement of performance, and mitigation of damages, may be joined.
[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 189, 190; Dec. Dig. ⬤⇒93.]

2. TRIAL ⬤⇒139—DIRECTING VERDICT.
Refusal of a directed verdict is proper, where it cannot be said that all reasonable men must draw from the evidence the same conclusion.
[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341, 365; Dec. Dig. ⬤⇒139.]

3. BREACH OF MARRIAGE PROMISE ⬤⇒25—DAMAGES.
Though one breaching a contract to marry dies before action therefor, plaintiff is not as matter of law entitled to recover one-third of the value of his estate.
[Ed. Note.—For other cases, see Breach of Marriage Promise, Cent. Dig. § 38; Dec. Dig. ⬤⇒25.]

4. BREACH OF MARRIAGE PROMISE ⬤⇒35—DEFENSES—SICKNESS—INSTRUCTIONS.
An instruction, in an action for breach of marriage promise by defendant's intestate, that if he had pernicious anemia it would not excuse his breach, but if he believed it would be fatal after a year or so, or it would be reasonably certain to bring death in a few months, this could be considered in mitigation of damages, is sufficiently favorable to plaintiff.
[Ed. Note.—For other cases, see Breach of Marriage Promise, Cent. Dig. § 51; Dec. Dig. ⬤⇒35.]

5. EXECUTORS AND ADMINISTRATORS ⬤⇒451—ACTIONS AGAINST—INSTRUCTIONS.
Plaintiff, in an action against an administrator for breach of intestate's contract, is not entitled to an instruction balancing her inability to testify against defendant's difficulty in not having the benefit of intestate's testimony.
[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 906, 1877–1882; Dec. Dig. ⬤⇒451.]

6. COURTS ⬤⇒356—FEDERAL COURTS—REVIEW—DENIAL OF NEW TRIAL.
Error cannot be assigned on the overruling of a motion for new trial.
[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. ⬤⇒356.]

7. COURTS ⬤⇒352—FEDERAL COURTS—FOLLOWING STATE PRACTICE—SPECIAL VERDICTS.
A federal court may refuse to require a jury, in addition to a general verdict, to answer special questions at the request of a party.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec. Dig. ⬤⇒352.
Conformity of practice in common-law actions to that of state courts, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co., Limited, v. Hall, 27 C. C. A. 392.]

In Error to the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Elvie L. Parsons against William Trowbridge, executor of Edward A. Oldfield. Judgment for plaintiff for less than prayed, and she brings error. Affirmed.

B. I. Salinger and Louis H. Salinger, both of Carroll, Iowa, for plaintiff in error.

C. G. Saunders, of Council Bluffs, Iowa (Charles C. Helmer, of Carroll, Iowa, on the brief), for defendant in error.

Before HOOK, Circuit Judge, and ELLIOTT and YOUMANS, District Judges.

YOUMANS, District Judge. The writ of error in this case was sued out by Elvie L. Parsons to reverse a judgment upon the verdict of a jury in her favor against William Trowbridge, executor of the estate of Edward A. Oldfield. In this opinion plaintiff in error will be called plaintiff, and defendant in error will be called defendant.

The petition of plaintiff alleged that Edward A. Oldfield entered into a contract of marriage with her, and that he violated such contract. The amended petition on which the case was tried contains two counts. The first count alleged that the contract was entered into during the year 1909, and that the marriage was to have taken place within a reasonable time after the making of the contract. The second count alleges that the marriage was to have taken place on Thanksgiving Day, 1909. Oldfield died on the 2d day of December, 1910.

The answer, after certain portions had been stricken out on motion, contained the following defenses:

(1) That Oldfield made no agreement to marry plaintiff.

(2) That at the time of the alleged breach Oldfield was suffering from an incurable disease called pernicious anemia, which made it impossible for him to consummate the marriage relation, and that he did not know of such disease at the time of the alleged promise.

(3) That if any agreement to marry was entered into between plaintiff and Oldfield it was postponed from time to time by mutual consent until his death.

In the order striking out parts of the answer on plaintiff's motion, the court permitted the defense of the bad health of Oldfield to stand as matter in mitigation only. The motion was overruled as to the denial of the contract of marriage and as to the postponement of performance. The jury returned a verdict for plaintiff for $250. The following errors are assigned:

(1) The refusal to sustain the motion to strike from the answer the paragraph denying the agreement to marry.

(2) The refusal to strike from the answer the paragraph setting up the bad health of Oldfield.

(3) The refusal to strike from the answer the paragraph setting up the postponement of the marriage by mutual consent.

(4) The refusal to give, upon request of the plaintiff, the following instruction:

"You are instructed that your verdict must be for the plaintiff, and must be at least for a sum equal to one-third of what you find was the value of the

estate left by the late Edward A. Oldfield at the time of his decease on December 2, 1910."

(5) The refusal to give, on request of the plaintiff, the following instruction:

"Should you find that Edward A. Oldfield had the disease known as pernicious anemia, then you are instructed that having such disease is no defense to plaintiff's action. One who makes a contract is not excused from performing said contract because he had said disease. But, should you find that said Oldfield was afflicted with such disease, you may take that into consideration in mere mitigation of damages; that is to say, if a contract to marry is broken without just cause, and the question is how much should be allowed for injury to feelings, humiliation, and loss of society, the damages on these accounts should be less when the promisor has such disease than they should be were he not so affected."

(6) The refusal to give at plaintiff's request the following instruction:

"You should take into consideration that the death of Edward A. Oldfield has made a defense in this case more difficult; but you should also take into consideration that such death makes the establishment of plaintiff's claim more difficult, because the law will not allow the plaintiff to testify as to what, if anything, occurred between her and said Oldfield."

(7) The submission to the jury as a question of fact whether there was a promise to marry on Thanksgiving Day, 1909, and that the contract to marry on that day had been broken.

(8) The giving of all of the remainder of the charge is assigned as error.

(9) There are 10 assignments of error based upon the refusal of the court to sustain plaintiff's motion for a new trial.

(10) The refusal of the court to submit to the jury certain questions as follows:

(a) "Do you find that plaintiff and Edward A. Oldfield contracted that they should marry on Thanksgiving Day in the year 1909?" (b) "If you find there was such an agreement, did said Oldfield violate said agreement?" (c) "If you find that he broke said agreement, did he have any just excuse for breaking the same?" (d) "What was the value of the estate left by Edward A. Oldfield at the time of his death?"

## I.

The verdict for plaintiff demonstrates that the jury found that a contract of marriage was entered into and that it was violated. It also demonstrates that the jury found that there was no agreement to postpone the marriage. It is evident that the only defense considered by the jury was that relating to mitigation of damages by reason of the bad health of Oldfield.

[1] The objection to the inconsistent defenses of denial of contract, postponement of performance, and mitigation of damages is not tenable. Under the law of the state of Iowa, such defenses may be joined. In the case of Rudd v. Dewey, 121 Iowa, 457, 96 N. W. 973, the court said:

"As to whether defendant, interposing distinct defenses in separate divisions of his answer, may rely upon defenses inconsistent with each other that is, of such nature that if one is true the other cannot be true), the au-

226 F.—2

thorities in which the Code system has been interpreted are in conflict; and it has sometimes been said that inasmuch as the defendant must plead truthfully, he cannot rely at the same time on two or more defenses which are absolutely inconsistent with each other. Derby v. Gallup, 5 Minn. 119 (Gil. 85); Atteberry v. Powell, 29 Mo. 429, 77 Am. Dec. 579. But in many cases the decision of the question has been made to turn, not on the right to plead inconsistent defenses, but on the question whether the distinct defenses pleaded are in fact necessarily inconsistent. Rhine v. Montgomery, 50 Mo. 566; Weston v. Lumley, 33 Ind. 486. Any uncertainty of the law in this respect, however, has been definitely settled in this state by Code, section 3620, which is as follows: 'Inconsistent defenses may be stated in the same answer or reply, and when a verification is required, it must be to the effect that the party believes one or the other to be true, but cannot determine which'— and is the same, in substantial effect, as section 2937, of the Revision of 1860, the first provision on the subject in our statutory history. Under our Code it has uniformly been held, in a series of decisions, the first of which was rendered before there was any specific provision on the subject, that defendant might, in different divisions of his answer, plead a general denial and a confession and avoidance, and that the effect of the general denial will not be nullified by the colorable confession necessarily alleged in connection with the avoidance. Grash v. Sater, 6 Iowa, 301; Shannon v. Pearson, 10 Iowa, 588; Quigley v. Merritt, 11 Iowa, 147; Treadway v. Sioux City & St. P. R. Co., 40 Iowa, 526; Barr v. Hack, 46 Iowa, 308; Heinrichs v. Terrell, 65 Iowa, 25 [21 N. W. 171]. And on the same reasoning it has been held that the pleading of matter in confession and avoidance in the reply does not waive the general denial, which, by virtue of Code, §§ 3576, 3622, 3648, is interposed to all allegations of new matter in the answer by operation of law. Day v. Mill Owners' Mut. Ins. Co., 75 Iowa, 694 [38 N. W. 113]; Nichols v. Chicago G. W. R. Co., 94 Iowa, 202 [62 N. W. 769]; Schulte v. Coulthurst, 94 Iowa, 418 [62 N. W. 770]."

The plaintiff, therefore, cannot complain of the refusal of the court, upon her motion, to strike from the answer alleged inconsistent defenses.

## II.

[2, 3] The testimony did not warrant the giving of an instruction directing the jury to find for the plaintiff. It cannot be said that all reasonable men must have drawn from the evidence the same conclusions in favor of plaintiff. Delk v. S. L. & S. F. Ry. Co., 220 U. S. 580, 31 Sup. Ct. 617, 55 L. Ed. 590; Hart v. Northern Pacific R. Co., 196 Fed. 180, 116 C. C. A. 12. Nor would it have been correct to have instructed the jury that the verdict, in the event of a finding for plaintiff, should not be less than one-third of the value of Oldfield's estate. The fact that Oldfield died before suit was brought, or was dead at the time of the trial, added nothing to plaintiff's right of recovery. Such an instruction would have been erroneous in a suit against him. Collins v. Mack, 31 Ark. 684. It was no less erroneous in a suit against the executor of his estate. It would have been proper for the court to have instructed the jury that, in determining the amount of damages, it might consider the pecuniary benefits the marriage might have been to plaintiff. Holloway v. Griffith, 32 Iowa, 409, 7 Am. Rep. 208; Rime v. Rater, 108 Iowa, 61, 78 N. W. 835; Lauer v. Banning, 152 Iowa, 99, 131 N. W. 783. But plaintiff asked no such instruction. The case was tried on her behalf on the theory that she was entitled to one-third at least of the value of the estate.

## III.

[4] With regard to mitigation of damages on account of Oldfield's state of health, the court charged as follows:

"If it be a fact that Mr. Oldfield had a disease known as pernicious anemia, as illustrated by the testimony in this case, it would not be a sufficient excuse on his part for not carrying out the contract and having the ceremony performed. But if he had pernicious anemia, and believed that it would be fatal after a year or so from such time, you would have a right to consider that upon the question of amount of damages. Under the testimony offered, if he had pernicious anemia, which would be reasonably certain to bring about death within several months or a year, or something like that, she would have his society for such shorter time and would be entitled to recover a lesser amount. So you will consider the testimony with reference to pernicious anemia as bearing upon that phase of the case and that only."

The instruction given upon that point was almost identical with the instruction requested by plaintiff and was as favorable as she was entitled to. Beans v. Denny, 141 Iowa, 52, 117 N. W. 1091; Grover v. Zook, 44 Wash. 487, 87 Pac. 638, 7 L. R. A. (N. S.) 582, 120 Am. St. Rep. 1012, 12 Ann. Cas. 192; Shackleford v. Hamilton, 93 Ky. 80, 19 S. W. 5, 15 L. R. A. 531, 40 Am. St. Rep. 166.

## IV.

[5] Plaintiff's requested instruction, balancing her inability to testify against the difficulty under which the defendant labored in not having the benefit of Oldfield's testimony, was properly refused.

## V.

[6] It is not necessary to cite authorities on the proposition that error cannot be assigned on the action of the trial court in overruling a motion for a new trial.

## VI.

[7] It was not error for the court to refuse to require a jury, in addition to the general verdict, to answer special questions at the request of the plaintiff. Mutual Accident Association v. Barry, 131 U. S. 119, 9 Sup. Ct. 755, 33 L. Ed. 60.

The case was submitted to the jury upon instructions that fairly stated the law as applicable to the testimony. The finding of the jury is therefore conclusive, and the judgment of the lower court should be affirmed.