· B. A. Seibel, Appellee, v. Olson Bros. Hardware et al., Appellants.

**PLEADING:** Demurrer—Denial Precludes Demurrer. An answer which pleads a denial of the execution of the note sued on is not demurrable, even though, in an evident attempt to plead inconsistent defenses, the answer contains a colorable confession of such execution. (See Book of Anno., Vol. 1, Sec. 11141, Anno. 22 *et seq.*; Sec. 11199, Anno. 16 *et seq.*)

Headnote 1:  31 Cyc. p. 305 (Anno.)

*Appeal from Webster District Court.*—B. R. Bryson and Sherwood A. Clock, Judges.

NOVEMBER 23, 1926.

Action on a promissory note. A demurrer to the answer was sustained, and, defendants electing to stand on the ruling, judgment went against them for the amount due on the note, and they appeal.—*Reversed and remanded.*

*Burnstedt & Hemingway,* for appellants.

No appearance for appellee.

VERMILION, J.—The action is upon a promissory note which it is alleged in the petition was executed by the defendants and purchased by the plaintiff in·due course. The answer, in the first of several numbered divisions, denied that the signature on the note was the signature of the defendants, and denied that they ever executed or delivered the purported note to the payee or to any other person.‒ In further divisions that are not clearly to be distinguished one from the other by their matter, the answer set out at considerable length certain alleged false and fraudulent representations on the part of the payee of the note in procuring the execution by defendants of what it is alleged was represented by the payee to be an order for certain merchandise. It is then alleged that:

"If the defendant executed any promissory note, that the same was procured by artifice‒ and fraud and misrepresentation of the said T. E. Welch [the payee] and by concealing the nature of the instrument signed and obtaining the signature of the defendant thereto."‒

It is further alleged that the defendants have never received any consideration for "said written instrument;" that there has been a total failure of consideration; and that said "written instrument is null and void because of the fraud of said T. E. Welch in the inception of said written instrument." The answer was not verified.

The grounds of the demurrer were, in substance, and in brief: (1) that the answer first denied the execution of the note, and then admitted its execution and pleaded a want of consideration; (2) that the allegations of fraud and failure of consideration presented no defense to an action on the note by a holder in due course; and (3) that the allegations of fraud were mere conclusions.

We do not have the benefit of an argument for the appellee. Counsel for the appellant appear to concede that the answer is somewhat inartistically drawn, and lacks something of exactness. But we agree with their contention that the division of the answer denying the execution of the note was not subject to

demurrer, and that, if the subsequent divisions should be construed as admitting its execution and pleading fraud in its inception and want of consideration, the defendants might properly plead such inconsistent defenses. Section 11199, Code of 1924. The effect of a general denial is not nullified by the colorable confession alleged in connection with a plea in avoidance. *Barr v. Hack*, 46 Iowa 308; *Rudd v. Dewey*, 121 Iowa 454; *Runkle v. Hartford Ins. Co.*, 99 Iowa 414.

The demurrer was in terms to the whole answer, and was sustained generally, although it made specific objections to particular divisions of the answer.

Since the first division pleaded a good defense, the ruling cannot be sustained, and the judgment is reversed, and cause remanded.—*Reversed and remanded.*

DE GRAFF, C. J., and STEVENS and FAVILLE, JJ., concur.