EMPIRE TRUST COMPANY, Appellant, v. DAVID H. DYE, Appellee.

OCTOBER 25, 1927.

REHEARING DENIED MAY 11, 1928.

*Wisdom & Kirketeg*, for appellant.

*J. M. Haddock*, for appellee.

FAVILLE, J.—An amended and substituted petition was filed in this cause, wherein the appellant was made the sole plaintiff. The petition alleged that the appellee executed and delivered to the Athelstan Bank a certain promissory note, a copy of which, together with the indorsements thereon, is set out in the petition; and it is alleged that, before maturity, and in the usual course of business, the appellant acquired the said note, as collateral security for money loaned to said Athelstan Bank. The appellee filed an answer in separate counts. In one of said counts, the appellee admits that he executed the note, and that it bears the indorsements as alleged in the petition. The appellee also alleged that he "denies each and every other allegation contained in said amended and substituted petition, having neither knowledge nor information sufficient to form a belief as to the truthfulness of said remaining statements." Appellee also pleaded a counterclaim. To said answer the appellant filed a demurrer, on the ground that:

"Said pleadings show upon their face that the statements therein contained constitute no defense to the cause of action alleged in the plaintiff's amended and substituted petition and the amendment thereto, the pleadings of the defendant admitting the execution and delivery of the note, as alleged in the plaintiff's pleadings, and the only defense thereto being that, at the time W. A. Boyer became the owner of said note, and the plaintiff became the owner thereof, the defendant had on deposit with the Athelstan Bank money more than sufficient to pay said note. It further appearing by the admitted facts that the note so signed by the defendant was a negotiable promissory note, and acquired in the ordinary course of business by said W. A. Boyer and this plaintiff, for a valuable consideration, before maturity, without any knowledge or information as to any defect or infirmity in the title of the Athelstan Bank or any defenses that the defendant had thereto."

The demurrer was overruled. The answer of the appellee contained a general denial. The demurrer challenged the sufficiency of the entire answer. The answer was in separate counts, and, even though it contained inconsistent defenses, this is permissible, under Section 11199, Code of 1924. We had a similar question before us in the recent case of *Seibel v. Olson Bros. Hardware*, 202 Iowa 711, wherein we said:

"The effect of a general denial is not nullified by the colorable confession alleged in connection with a plea in avoidance. *Barr v. Hack*, 46 Iowa 308; *Rudd v. Dewey*, 121 Iowa 454; *Runkle v. Hartford Ins. Co.*, 99 Iowa 414."

The court did not err in overruling the demurrer to said answer. The foregoing is alone determinative of this appeal. The appellee's motion to dismiss the appeal, which was ordered submitted with the case, is overruled. The judgment is —*Affirmed*.

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.